STEWART *v.* BOWEN.

5-512                                                        273 S. W. 2d 540

Opinion delivered November 22, 1954.

[Rehearing denied January 10, 1955.]

*Wayne Foster* and *John B. Gulley,* for appellant.

*Talley & Owen* and *Dale Price,* for appellee.

ROBINSON, J. The issue here is the ownership of a piece of real estate located in North Little Rock. Appellant says he is sole owner and appellee claims that she and appellant own the property in common. The parties have lived together for about 10 years although not married to each other. In 1945 the property in question was purchased for the price of $1,350 with a down payment of $250, the balance payable in monthly install-

ments of $20 and interest. The monthly installments were paid promptly. Stewart alone signed the purchase contract. He and Ella have lived on the property since the day of purchase.

The testimony of the parties is in hopeless conflict. Ella claims she paid $110 of the $250 down payment, and that practically all of the installments were paid out of money she earned; that it was understood from the first that they were buying the property together; and that Stewart took the deed in his own name without her knowledge or consent. On the other hand, Stewart contends that Ella has paid no part of the purchase price, and that it was never intended that she should own any interest in the property.

Stewart is 84 years of age, and Ella is in her late forties; both are illiterate. If Ella is correct in her contention as to the ownership of the property, Stewart owns ½ and holds ½ as trustee for Ella. The burden is on Ella to prove the trust relationship by evidence which is clear and convincing. *Crain* v. *Keenan,* 218 Ark. 375, 236 S. W. 2d 731. We agree with the Chancellor that Ella has met the heavy burden imposed upon her by law.

In the first place, although the parties are not married they were living together as man and wife. Stewart denies this relationship, but his testimony on this point is not satisfactory and carries no weight. The evidence is completely convincing that Ella worked regularly and helped pay for the property. It is not reasonable to believe she would have worked hard to help pay for the property unless it was understood she had an interest in it. She says her aunt gave her $110 of the $250 used in making the down payment. The statute of frauds in regard to parol testimony is not applicable to a resulting trust. Ark. Stats., § 38-107; *Crain* v. *Keenan, supra.* She is corroborated in her testimony that she got the money from her aunt, and she is further corroborated on this point by the fact that later her aunt died leaving to Ella house and lot, unencumbered, which is evidence to the fact that the aunt was financially able to give her

the money. Moreover, in 1950 there was about $250 balance owed on the purchase price. Arrangements were made with a building and loan association for a loan of $725 out of which the balance of the purchase price was paid in full and the remainder used to purchase a small building and move it onto the property. Ella signed the mortgage securing the new loan. Later, in September, 1953, building material in the sum of over $200 was purchased to repair the property, and Ella signed the note given in payment of the material purchased. It is unlikely that she would have signed the note, or would have been asked to sign it, unless it was understood that she was part owner of the property.

The evidence is clear and convincing that these parties understood from the time of purchase that they were buying the property together, that they both contributed their earnings to the purchase price, and that they now own it as tenants in common.

Affirmed.